141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnold ROSA, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
Department of Labor; National Steel &
Shipbuilding Company, Respondents.
 No. 96-70948.
 BRB No. 95-1516.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 6, 1998**.
Decided April 8, 1998.
 
 1
 Petition for Review of an Order of the Benefits Review Board.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, and TANNER, District Judge.
 
 
 3
 MEMORANDUM*
 
 BACKGROUND
 
 4
 Claimant Arnold Rosa petitions for review of an Order of the Benefits Review Board affirming by operation of law the Administrative Law Judge's Decision and Order concluding that Rosa had sustained a 16 percent permanent partial disability due to a September 1992 injury to his left leg within the course and scope of his employment at National Steel and Shipbuilding Company (NASSCO). We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we AFFIRM.
 
 DISCUSSION
 
 5
 Rosa argues that the ALJ erred in relying on the Fourth Edition of the American Medical Association Guides ("Guides"), in assessing the extent of his knee injury. We disagree.
 
 
 6
 Rosa argues that when an old injury has been rated under a separate edition of the Guides and a new injury occurs, the percentage of disability from the new injury is added to the percentage previously determined from the old injury. Rosa's reliance on DeNoble v. Maritime Transportation Management Inc., 12 BRBS 29 (1980) is misplaced.
 
 
 7
 DeNoble sustained injuries to his shoulder and foot simultaneously, and was awarded consecutive benefits for permanent partial disability due to "loss of, or loss of use of, more than one member or parts of more than one member", consistent with 33 U.S.C. § 908(c)(22).
 
 
 8
 In the absence of regulations, the LHWCA does not require adherence to any particular guide or formula to determine disability. Fisher v. Strachan Fishing Co., 8 BRBS 578, 580 (1978). Thus, the ALJ was not bound to apply any particular edition of the Guides, nor was he bound by any doctor's opinion. Mazze v. Frank J. Holleran, Inc., 9 BRBS 1053, 1055 (1978). The ALJ found that the Fourth Edition of the Guides was more current and medically valid than the Second Edition. In fact, both Dr. Levine and Dr. Dodge relied on the Fourth Edition of the Guides in rating Rosa's disability following his 1994 surgery. It was within the ALJ's discretion to rely on a later edition of the A.M.A. Guides to determine the extent of Rosa's permanent partial disability even though it resulted in a lower disability percentage than had been stipulated to after his 1987 injury.
 
 Substantial Evidence
 
 9
 Both Dr. Levine and Dr. Dodge rated the extent of Claimant's entire disability as it existed after the 1994 surgery. Rosa was rated under the A.M.A. Guides for a partial medial and lateral meniscectomy. A knee which has undergone that procedure is rated at a 10 percent disability under the Fourth Edition of the Guides. Thus, the fact that Rosa underwent a partial medial meniscectomy previously is irrelevant because the percentage disability from that prior injury and surgery is subsumed in the disability rating for the subsequent surgery.
 
 
 10
 Doctors Dodge and Levine rated Rosa's disability at 10 percent and 17 percent, respectively. The ALJ concluded that Rosa exhibited a 16 percent permanent partial disability. The fact that the ALJ rated Rosa's disability between the doctors' ratings, and the fact that the ALJ may accept or reject medical testimony all or in part, further attests to the reasonableness of the ALJ's determination.
 
 Humanitarian Nature of the Act
 
 11
 Rosa also argues that the ALJ's reliance on the Fourth Edition of the A.M.A. Guides is contrary to the "humanitarian nature" of the LHWCA because his disability percentage was decreased, rather than increased, following his 1994 surgery.
 
 
 12
 While the ALJ's decision resulted in a lower rating of Rosa's disability, sympathy for the plight of the individual litigant is an insufficient basis for reversing. Potomac Elec. Power Co. v. Director, OWCP, 449 U.S. 268, 283, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980). The LHWCA does not authorize the method of calculating permanent partial disability proposed by Rosa.
 
 
 13
 The ALJ properly calculated Rosa's entitlement to permanent partial disability benefits pursuant to 33 U.S.C. § 908(c)(2) and (19) as $19,589.07. That amount is offset by the $19,360.00 already paid, for a total additional award of $229.07.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3